# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
                                         )
ANGELO RICHARDSON,                       )
                                         )
               Plaintiff,                )
                                         )
        v.                               )        Civil Action No. 13-0868 (ABJ)
                                         )
TAMMY RICHARDSON, *et al.*,              )
                                         )
               Defendants.               )
_____)

## MEMORANDUM OPINION

Plaintiff Angelo Richardson filed a complaint in Superior Court of the District of Columbia against defendants Tammy Richardson, Tammy Watson, Demarious Chung, and Delegate to the U.S. House of Representatives Eleanor Holmes Norton.  Defendant Norton has removed the case to this Court under 28 U.S.C. § 1442(a).  Notice of Removal (June 10, 2013) [Dkt. # 1].  Norton also filed a Notice of Related Case (June 10, 2013) [Dkt. # 2], *Richardson v. Norton*, 1:12-cv-01937-ABJ.[1]  Because the Court lacks subject matter jurisdiction, it will dismiss the action with prejudice.

On May 6, 2013, plaintiff filed a complaint consisting of a single page with one paragraph:

> Premeditated plot at birth Plaintiff Angelo Richardson involve with a presidential investigation at Providence Hospital, separated from biological mother neglected at birth plot on identity brian wash with no legal documentation plaintiff Angelo Richardson request a subpoena Samantha Grey to take a D.N.A test with Angelo Richardson for proof and evident as a witness to a law suit against Congress using my economic skill.

_____

[1]     The Court dismissed *Richardson v. Norton*, 1:12-cv-01937-ABJ, for lack of subject matter jurisdiction.  *See* Order, December 3, 2012 [Dkt. # 3].

Compl., Ex. 3 to Notice of Removal [Dkt. # 1-3].

On May 8, 2013, he filed an amended complaint, also containing a single paragraph:

> Plaintiff Angelo Richardson life were premeditated at birth at providence hospital, separated from his biological mother Neglected at birth ploted on with his identity brian wash with no legal document. Plaintiff Angelo Richardson request a subpoena with any of the three defendants to take a D.N.A test for proof and evident to ask question or information Why did the defendants premeditated Angelo Richardson life a birth, Why is the plot confidential, Plaintiff Angelo Richardson is separated from his biological mother, <u>Samantha Grey</u>.

Am. Compl., Ex. 4 to Notice of Removal [Dkt. # 1-4] (double underline in original).  Plaintiff demands judgment in the sum of $25,000.  *Id.*

On June 17, 2013, plaintiff filed a motion to dismiss defendant Eleanor Holmes Norton.  Mot. to Dismiss [Dkt. # 5].  On that same date, Defendant Eleanor Holmes Norton filed a motion to dismiss.  Mot. to Dismiss [Dkt. # 6].

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.  It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).  In addition, "'[i]t is axiomatic that subject matter jurisdiction may not be waived, and that courts may raise the issue *sua sponte*.'" *NetworkIP, LLC v. FCC*, 548 F.3d 116, 120 (D.C. Cir. 2008), quoting *Athens Cmty. Hosp., Inc. v. Schweiker*, 686 F.2d 989, 992 (D.C. Cir. 1982).  Indeed, a federal court must raise the issue because it is "forbidden – as a court of limited jurisdiction – from acting beyond [its] authority, and 'no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Id.*, quoting *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003).  A district court

may dismiss a complaint *sua sponte* pursuant to Federal Rule of Civil Procedure 12(h)(3), when it is evident that the court lacks subject-matter jurisdiction. *Evans v. Suter*, No. 09-5242, 2010 WL 1632902, at *1 (D.C. Cir. Apr. 2, 2010), citing *Hurt v. U.S. Court of Appeals for the D.C. Cir.*, No. 07-5019, 2008 WL 441786 (D.C. Cir. Jan. 24, 2008); *Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 326 F.3d 982, 985 (9th Cir. 2003); *Zernial v. United States*, 714 F.2d 431, 433–34 (5th Cir. 1983).

Subject matter jurisdiction is lacking where a complaint "is patently insubstantial presenting no federal question suitable for decision." *Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009), quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994). A claim is "patently insubstantial" when it is "flimsier than doubtful or questionable . . . essentially fictitious." *Best*, 39 F.3d at 330 (internal quotation marks omitted); *see Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) ("federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, [or] obviously frivolous") (internal citations and quotation marks omitted); *see, e.g.*, *Peters v. Obama*, Misc. Action No. 10-298 (CKK), 2010 WL 2541066, at *2 (D.D.C. June 21, 2010) (*sua sponte* dismissing complaint alleging that President Obama had been served with and failed to respond to an "Imperial Writ of Habeas Corpus" by the "Imperial Dominion of Amexem," requiring the plaintiff's immediate release from a correctional institution).

Although mindful that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Brown v. District of Columbia*, 514 F.3d 1279, 1283 (D.C. Cir. 2008), plaintiff's allegations in the present case present "no federal question suitable for decision." *Best*, 39 F.3d at 330. Accordingly, the Court will dismiss this case *sua sponte* pursuant to Rule

12(h)(3) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.  The Court also dismisses plaintiff's motion to dismiss [Dkt. # 5] and defendant Norton's motion to dismiss [Dkt. # 6] as moot.  A separate order will issue.

AMY BERMAN JACKSON
United States District Judge

DATE:  June 19, 2013